UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60450-CIV-DIMITROULEAS

LYNARIANE LUCAS,
Individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

Coastal Advantage Marketing LLC,

    Defendant.
_____/

**ORDER APPROVING IN PART REPORT OF MAGISTRATE JUDGE; SUSTAINING IN PART OBJECTIONS; DENYING MOITON TO COMPEL ARBITRATION**

THIS CAUSE is before the Court on Defendant Coastal Advantage Marketing LLC ("Defendant" or "Coastal")'s Motion to Compel Arbitration or, Alternatively, Dismiss [DE 8] and the Report and Recommendation of Magistrate Judge Patrick M. Hunt (the "Report") [DE 24]. The Court has conducted a *de novo* review of the Report [DE 24], Plaintiff Lynarine Lucas ("Plaintiff" or "Lucas")'s Objections [DE 25], Defendant's Response [DE 28], Plaintiff's Reply [DE 29], and the record herein.

    **I.    BACKGROUND**

Plaintiff, on behalf of herself and proposed class members, filed this action against Defendant on March 10, 2025, alleging that she received text messages from Defendant that violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, (TCPA), and the Florida Telephone Solicitation Act, § 501.509, Fla. Stat., (FTSA). *See* [DE 1]. Defendant filed a Motion to Compel Arbitration, arguing that Plaintiff agreed that all disputes or claims between Plaintiff

and Defendant would be settled by final and binding arbitration. *See* [DE 8]. The Court referred the Motion to Magistrate Judge Patrick Hunt for appropriate disposition or report and recommendation. *See* [DE 9]. After briefing, Judge Hunt held an evidentiary hearing on the Motion on September 30, 2025, in which evidence and witness testimony was presented. *See* [DE 22]. On November 5, 2025, Judge Hunt entered a Report and Recommendation, recommending that the Motion be granted. *See* [DE 24]. Plaintiff subsequently filed Objections to the Report, which the Court will now resolve.

## II.     LEGAL STANDARD

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and the Objections. The Court has carefully conducted a *de novo* and independent review of the factual issues based on the record, including by a careful review of the transcript of the

evidentiary hearing conducted by Judge Hunt on September 30, 2025. *See* [DE 28-1]. The Court is otherwise fully advised in the premises.

### III.   DISCUSSION

In reaching his conclusion that Defendant Coastal met its burden regarding compelling plaintiff to arbitrate, Magistrate Judge Hunt found in relevant part that when Plaintiff used the Assistance Team website on February 10, 2025, Plaintiff proceeded through the website by checking boxes and agreeing to terms and conditions, that Defendant Coastal was a Marketing Partner of Assistance Team on February 10, 2025 and was listed as such on the website at the time, and that the Assistance Team's website contained a binding, mandatory arbitration provision to which Plaintiff consented. *See* [DE's 24, 28-1]. The Court agrees with Judge Hunt's evidentiary findings as to these issues. The Court also with the evidentiary finding that Plaintiff agreed to receive marketing calls and text messages from assistance-team.com and Assistance Team's Marketing Partners, which included Defendant Coastal. *See* [DE's 24, 28-1].

However, the Court disagrees with Judge Hunt's analysis and conclusion as to the issue of whether the arbitration provision on the Assistance Team website to which Plaintiff agreed binds Plaintiff to arbitrate her claims against *Defendant Coastal*. The arbitration provision at issue is explicitly limited to disputes between "you," meaning Plaintiff, and "the Company," defined on the website exclusively as assistance-team.com. The broad "arising out of or relating to" the website language contained in the arbitration clause is only broad as to the arbitrable *subjects* that the signatories to the arbitration agreement have agreed to arbitrate, not as to the *identity* of the parties subject to the arbitration clause. There is no language in the clearly written text of the arbitration clause that would allow Assistance Team's Marketing Partners, such as Defendant Coastal, to bind Plaintiff to arbitration, through a third-party beneficiary theory or any

other theory regarding the "Marketing Partner" relationship between Defendant Coastal and Assistance Team. Accordingly, the Court declines to adopt the Report as to this issue.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. As set forth above, the Report [DE 24] is hereby **APPROVED IN PART**; the Court **DECLINES TO ADOPT** the Report **IN PART**;
2. Plaintiff's Objections [DE 25] are **SUSTAINED IN PART**.
3. Defendant's Motion to Compel Arbitration or, Alternatively, Dismiss [DE 8] is **DENIED**.
4. Defendant shall file an Answer to the Complaint on or before **January 12, 2026**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of December, 2025.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of Record

Magistrate Judge Hunt